UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN E. PIERCE,

    Petitioner,                    Civil No. 2:21-CV-13018
                                            HONORABLE NANCY G. EDMUNDS

v.

MICHAEL BURGESS,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

John E. Pierce, ("Petitioner"), confined at the Lakeland Correctional Facility in Coldwater, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for armed robbery, M.C.L.A. § 750.529.

Respondent filed a motion to dismiss the petition for a writ of habeas corpus, on the ground it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1).

For the reasons that follow, the petition is SUMMARILY DISMISSED WITH PREJUDICE.

### I. Background

Petitioner was convicted following a jury trial in the Macomb County Circuit Court.

Direct review of petitioner's conviction ended on July 28, 2020, when the Michigan Supreme Court denied petitioner leave to appeal following the affirmance of his conviction

1

by the Michigan Court of Appeals. *People v. Pierce*, 506 Mich. 852, 946 N.W.2d 262 (2020).

On September 10, 2021, petitioner filed a motion to modify his sentence in the trial court pursuant to M.C.R. 6.429 (Rule 6.429 motion), which sought the correction and appeal of his prison sentence. (ECF No. 12-1). On November 1, 2021, the trial court denied the Rule 6.429 motion and ordered that the case remain closed. *People v. Pierce,* No. 17-4528-FC (Sixteenth Jud. Cir. Ct., Nov. 1, 2021)(ECF No. 12-2).

The petition is signed and dated December 15, 2021.[1]

## II. Discussion

The Court grants the motion to dismiss because the petition is untimely.

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on December 15, 2021, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

2

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009). A petition for a writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner leave to appeal on July 28, 2020.  Petitioner's conviction became final, for purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  Petitioner's judgment therefore became final on October 27, 2020, when he failed to file a petition for a writ of certiorari with the U.S. Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188.  Absent state collateral review, petitioner was required to file his petition for writ of habeas corpus with this Court no later than October 27, 2021 in order for the petition to be timely filed. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001)*.*

3

Petitioner filed a motion to modify his sentence pursuant to M.C.R. 6.429 with the trial court on September 10, 2021. Petitioner sought to have the trial court waive or modify the fees, court costs, and restitution that had been ordered as part of the sentence, claiming that he was indigent and was unable to pay the costs. Petitioner did not challenge his conviction in this motion. This motion did not toll or expand the statute of limitations.

28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. An application for state post-conviction relief is considered "properly filed," for purposes of triggering the tolling provisions of § 2244(d)(2), when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g. requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell,* 276 F.3d 768, 771 (6th Cir. 2001).

Pursuant to M.C.R. 6.429 (B)(4), if a defendant is no longer entitled to an appeal by right or by leave, the defendant may seek relief pursuant to the procedure set forth in subchapter 6.500. M.C.R. 6.501 states that unless otherwise specified, a judgment of conviction and sentence entered by the circuit or Recorder's court that is not subject to appellate review under subchapters 7.200 or 7.300 may be reviewed only in accordance with the provisions of this subchapter, i.e., by the filing of a post-conviction motion for relief from judgment.

4

Petitioner's sole post-conviction remedy to challenge his conviction was to file a motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.* Petitioner's motion to modify sentence filed under M.C.R. 6.429 was thus not a properly filed post-conviction motion that would toll the limitations period pursuant to 28 U.S.C. § 2244 (d)(2). *See Rideaux v. Perry*, No. 16-1458, 2017 WL 3404658, at *1 (6th Cir. Feb. 27, 2017)(motion to vacate sentence was not a properly filed post-conviction motion that would toll the limitations period under § 2244(d)(2); *Dowdy v. Jackson*, No. 20-10744, 2020 WL 6562093, at *3 (E.D. Mich. Nov. 9, 2020), *app. dism.* No. 20-2177, 2021 WL 2229820 (6th Cir. May 6, 2021), *cert. denied*, 142 S. Ct. 273 (2021)(motion filed pursuant to Michigan Court Rule 2.612 was not a properly filed post-conviction motion that would toll the limitations period under § 2244(d)(2)); *Quatrine v. Berghuis*, No. 2:10-CV-11603, 2014 WL 793626, at *6 (E.D. Mich. Feb. 27, 2014), *aff'd*, No. 14-1323, 2016 WL 1457878 (6th Cir. Apr. 12, 2016)(petitioner's pending appeal regarding the order for reimbursement of the cost of his court-appointed attorney did not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2), because it was not used to attack petitioner's conviction); *Brayboy v. Napel*, No. 2:11-CV-11021, 2012 WL 37395, *3 (E.D. Mich. Jan. 9, 2012)(petitioner's motion to modify restitution did not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2) because the motion did not seek a judicial reexamination of the judgment of conviction).

Moreover, the trial judge in this case did not choose to construe petitioner's Rule 6.429 motion as a motion for relief from judgment filed pursuant to Rule 6.500, thus petitioner's motion did not toll the limitations period. *See Smith v. Hofbauer*, No. 2:08-CV-117, 2009 WL 1788347, at *1, fn.1 (W.D. Mich. June 18, 2009)(noting that if the trial court

5

did not considered the petitioner's motion for correction as a motion for relief from judgment under Rule 6.500, the motion for correction would not have tolled the limitations period).

Petitioner's motion to modify sentence did not toll the limitations period. The one year limitations period expired on October 27, 2020. Petitioner's habeas application is untimely because it was filed on December 15, 2021.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he is entitled to the equitable tolling of the one year limitations period. *Id*. Petitioner is not entitled to equitable tolling of the one year limitations period, because he failed to argue or show that the facts of case his support equitable tolling. *See Giles v. Wolfenbarger,* 239 F. App'x 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty

beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005).

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). The Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid

7

claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." See Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

### IV. Order

Based upon the foregoing, **IT IS ORDERED** that:

(1) The petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                               s/ Nancy G. Edmunds
                               NANCY G. EDMUNDS
                               UNITED STATES DISTRICT COURT JUDGE

Dated: January 10, 2023